Name **THOMAS CASH**

Prison Number **1203562**

Place of Confinement **H.D.S.P.**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

**THOMAS CASH**, Petitioner, )
(Full Name)                  )
              vs.            )   CASE NO. _____
                             )   (To be supplied by the Clerk)
**CALVIN JOHNSON**, Respondent, )
(Name of Warden, Superintendent, jailor or )
authorized person having custody of petitioner) )
                             )   PETITION FOR A
                             )   WRIT OF HABEAS CORPUS
          and                )   PURSUANT TO 28 U.S.C. § 2254
                             )   BY A PERSON IN STATE CUSTODY
The Attorney General of the State of Nevada ) ( **NOT** SENTENCED TO DEATH)

-------------------------------------------------

1. Name and location of court, and name of judge, that entered the judgment of conviction you are challenging: **District Court / Douglas E. Smith Judge**.

2. Full date judgment of conviction was entered: **8 / 23 / 2018** (month/day/year)

3. Did you appeal the conviction? ✴ Yes ___ No. Date appeal decided: **10 / 11 / 2019**

4. Did you file a petition for post-conviction relief or petition for habeas corpus in the state court? ✴ Yes ___ No. If yes, name the court and date the petition was filed: **District Court 8 / 3 / 2020** Did you appeal from the denial of the petition for post-conviction relief or petition for writ of habeas corpus? ✴ Yes ___ No. Date the appeal was decided: **3 / 4 / 2022**. Have all of the grounds stated in this petition been presented to the state supreme court? ✴ Yes ___ No. If no, which grounds have not? _____

5. Date you are mailing (or handing to correctional officer) this petition to this court: ___/___/___.
**Attach to this petition a copy of all state court written decisions regarding this conviction.**

6. Is this the first federal petition for writ of habeas corpus challenging this conviction?  ✳ Yes ___ No.  If no, what was the prior case number? _____.  And in what court was the prior action filed? _____.
Was the prior action ___ denied on the merits or ___ dismissed for procedural reasons (check one).  Date of decision: ___/___/___.  Are any of the issues in this petition raised in the prior petition?  ___ Yes ___ No.  If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this successive petition? ___ Yes ___ No.

7. Do you have any petition, application, motion or appeal (or by any other means) now pending in any court regarding the conviction that you are challenging in this action?  ___ Yes ✳ No.
If yes, state the name of the court and the nature of the proceedings: _____.

8. Case number of the judgment of conviction being challenged: **C-18-329699-1**

9. Length and terms of sentence(s): **life without**

10. Start date and projected release date: **NONE**

11. What was (were) the offense(s) for which you were convicted: **Second Degree Murder, Large Habitual Criminal Statute**

12. What was your plea? ___ Guilty ✳ Not Guilty ___ Nolo Contendere.  If you pleaded guilty or nolo contendere pursuant to a plea bargain, state the terms and conditions of the agreement: _____.

13. Who was the attorney that represented you in the proceedings in state court?  Identify whether the attorney was appointed, retained, or whether you represented yourself *pro se* (without counsel).

| | Name of Attorney | Appointed | Retained | Pro se |
|---|---|---|---|---|
| arraignment and plea | Kenneth Long, ESQ | | ✳ | |
| trial/guilty plea | Kenneth Long, ESQ | | ✳ | |
| sentencing | Kenneth Long, ESQ | | ✳ | |
| direct appeal | Brian Rutledge | ✳ | | |
| 1st post-conviction petition | | | | ✳ |
| appeal from post conviction | Jean J. Schwartzer | | ✳ | |
| 2nd post-conviction petition | | | | |
| appeal from 2nd post-conviction | | | | |

- **Direct Appeal:**

Did you raise this issue on direct appeal from the conviction to the Nevada Supreme Court?

___ Yes  ✱ No.  If no, explain why not: _____

_____.

- **First Post Conviction:**

Did you raise this issue in a petition for post conviction relief or state petition for habeas corpus?

✱ Yes  ___ No.  If no, explain why not: _____

_____.

If yes, name of court: **DISTRICT COURT**   date petition filed **8 / 3 / 2020**

Did you receive an evidentiary hearing? ___ Yes  ✱ No.  Did you appeal to the Nevada Supreme Court? ✱ Yes ___ No.  If no, explain why not: _____

_____.

If yes, did you raise this issue? ✱ Yes ___ No.  If no, explain why not: _____

_____.

- **Second Post Conviction:**

Did you raise this issue in a **second** petition for post conviction relief or state petition for habeas corpus?

___ Yes  ___ No.  If yes, explain why: _____

_____.

If yes, name of court: _____  date petition filed ___/___/___.

Did you receive an evidentiary hearing? ___ Yes ___ No.  Did you appeal to the Nevada Supreme Court? ___ Yes ___ No.  If no, explain why not: _____

_____.

If yes, did you raise this issue? ___ Yes ___ No.  If no, explain why not: _____

_____.

- **Other Proceedings:**

Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence overturned based on this issue (such as administrative remedies)?  ___ Yes ✱ No.  If yes, explain: _____

_____.

(a) Ground One:

Petitioner 4th, 5th, 6th, and 14th amendments was violated when it used Petitioners' Post Arrest Silence by the State.

Supporting Facts:

The State impermissibly elicted testimony about Petitioners Post arrest silence (AA 1236-98 and 1315-35) Petitioner did not testify during the trial. However, Petitioner was not proctected from self incriminating evidence that attacked Post arrest silence. The Predudicial inadmissible Post arrest silence (PAS) was extremly harmful to Petitioners substantial constitutional rights and effected the outcome of the Proceedings. The State Pressed the inference of guilt through rebuttal witness calling and closing arguments, making the closure of trial Presudicial. Such error and inclusion of other errors Persuaded the Jury to a guilty verdict. The State called Gill as a rebuttal witness without being required to State who the witness was to rebuttal, what the rebuttal was to attack, and no hearing was set to establish limitations. The State may rebuttal defense witness with the witness statements and testimonies but Petitioner P.A.S. is error thats harmful. The P.A.S. was grossly used as evidence of guilt toward Petitioner. The error seriously effected the fairness, integrity, on Public reputation of Judicial Proceedings. The States case was not strong as a sole witness incriminated Petitioner. This error falls under Judicial and Prosecutorial misconduct, the require reversal.

7

(b) Ground Two:

The Court violated Petitioners' 6th, 5th, 8th, and 14th amendments through an illegal sentence.

Supporting Facts:

Petitioner was acclaimed as a hibitual criminal under the Nevada Revise Statute 207.010. (see Supreme Court Affirmation order No. 77018, September 12, 2019, pp. 1-4). The lower Court found Petitioner a hibitual criminal by recognizing two allege prior felony convictions. One being

See Judgment of conviction that validates two allege prior felony convictions. Any crime of which fraud or intent to defraud is an element, or of petit, larceny, or of any felony, who has previously been two times convicted, whether in this State or elsewhere, of any crime which under the laws of the situs of the crime or of this state would amount to a felony, is a hibitual criminal and shall be punished for a category B felony by imprisonment in the State Prison for a minimum term of not less the five years and a maximum term of not more than twenty years. Since the statute requires prior felony convictions the State can not count the present conviction as a third prior felony. Thus, Petitioner was sentence to life without the possibility of parole. Petitioner is currently suffering an error sentence.

8

(c) Ground Three:

Petitioners 4th, 5th, 6th, 8th, and 14th amendments was violated through the Prosecutorial Misconduct.

Supporting Facts:

During the trial Proceedings the State misstated evidence in order to create Prejudice towards Petitioners substantial rights. The State expressed Personal opinion that Davis Punched Petitioner in the nose to take Devine away from that act to dilute Petitioners self defense against Davis and Devine. (see AA 1271-72) The State testified that witness Flores could see the incident just fine. (AA 1276) Though she testified her visual was good intil she openned the front door and the ordeal was basically concluded. (AA 840-68). The State Argued witness Flores heard the victims impact and ran outside. This is complete fabrication to create false inflammatory allege testimony. (AA 1279 and contrary 847). State also claimed that witness Flores gave testimony to seeing Petitioner deliver the first Punch, which is afoul blow. (AA 1321-28). No evidence exist of the victim receiving two sharp force insuries though the State argued that Petitioner Plunged the knife into the victim twice. This inflammatory argument was afoul misleading and Prejudice to Petitioners substantial rights. The State also violated Petitioners Post Arrest Silence that made it impossible for a fair trial (see ground 1) Prosecutorial Misconduct shall not afford the State to have another shot at Petitioner once such misconduct is concluded as harmful error, as it places Petitioner at risk of Double Jeopardy. The State Argued Petitioners Juvenile criminal history at the sentencing hearing that was tainting and Prejudice (AA 1350-78) The State failed to Properly file the hibitual criminal statute.

9

1. The State failed to Properly file the hibitual criminal status. The
2. State never added the hibitual criminal statute as a charged
3. Count. The State failed to show the Court that Petitioner was
4. represented by Counsel at the moment the allege Prior convictions
5. was affirmed as a conviction. Petitioner appeal counsel failed
6. to add this ground towards Petitioners direct appeal even though
7. Petitioner pleaded for such. The State simple file a sentencing
8. memorandum and assumed the hibitual criminal statute was
9. Properly filed. (AA 1345) The Court failed to confirm if the State
10. Properly filed the statute Properly. Such review would have
11. shown the State failed to follow the required Procedure. The
12. failure of the statute being charged as an official charged
13. Count makes the sentence under the statute invalid. It shall
14. be noted that Petitioners AA 1346-49 is not in Petitioners
15. Possession. Prior Counsel never provided them. Please strike lines 14-15.
16.    The Prosecutorial misconduct is valid grounds for reversal.
17.    The State never filed a proper notice of intent to seek the
18. hibitual criminal statute. An oral or memorandum that the State
19. may allege is not enough.
20.    The State Produce the Judgment of conviction out of California to
21. establish prior convictions but such fact infirmity could only be
22. established as fact only in the State of the conviction after conviction
23. of primary offense. making the States exhibits invalid and sentence a
24. error.
25. ———
26. ① Petitioner allege Priors was very stale and or trivial.
27. ''
28.

1  (d) Ground Four:
2  Petitioners 6th and 14th amendments was violated through the Courts
3  Presentation of Jury instruction's.

6  Supporting Facts:
7  Jury instruction numbers 1, 17, 20, and 31 fails to be neutral and unbias.
8  It informs the Jury that they can convict on certain terms but shy's away
9  from being unbias by also mentioning that the contrary shall produce a
10 verdict of not guilty. Jury instruction numbers 21, 25, and 27 expresses the
11 position of the instruction but fails to instruct the Jury if such instruction
12 is believed they may find the defendant not guilty. Then Jury instruction
13 number 22 and 23 conflicts with Jury instructions 21, 25, and 27. Thus,
14 attempts to confuse the Jury and do away with or waterdown
15 Jury instruction numbers 21, 25, and 27. Instruction No. 23, fails to
16 express what "negate" means and fails to express the contrary
17 to become impartial. The instruction disputes fear as insufficient
18 to justify a killing. This is designed to take away the belief of
19 imminent danger of self and or others being sufficient, and attacks
20 the post arrest silence of the States introduce testimony, and
21 statements of, "Defendant not wanting to get hit again."
22 Jury instruction No. 30 express "abiding conviction," the Supreme
23 Court already ruled not to use. Jury instruction number 37 instructs
24 the Penalty Phase not to be considered in deliberation but then biasly
25 express first degree murder penalty. The first degree murder penalty
26 instruction should have been a isolated instruction and not included with a
27 impartial instruction since such requirement literally express conviction. (see Jury
28 instruction's No.'s 1, 17, 20, 21, 25, 22, 27, 23, 30, 31, and 37).

(e)   Ground Five:

Court violated Petitioners' 6th and 14th amendments was violated through the errorred Jury instruction Proceedings.

Supporting Facts:

The Jury instruction Proceeding was conducted in a manner where Petitioner was not informed the true full context of any of the Jury instruction's. (AA 1108-1114). Instead of the instruction's being read word for word each one was given a number and title. The title consisted of the first few words of the instruction or what the instruction was imcompassing. Doing this left Petitioner unaware of the true content of each Jury instruction. Thus, enabling Petitioners' objection's and challenges when necessary.

The Court errorred on this conduct was extremiy harmful since it misinformed the Jury bias laws and confusion.

This error also falls under ineffective Counsel of Petitioners Counsel.

(f) Ground Six: Petitioners 6th, 8th, and 14th amendments was violated through Counsels ineffective assistance of Counsel.
Supporting facts:
I. Counsel failed to investigate Petitioners' case to be adaquently prepared for trial. This failure influence the outcome of Petitioners trial. Petitioner inquired to Counsel of what did he actually do on the case and Counsel responded that he, "reviewed the States open file." Counsel did absolutely nothing on an investigative stand point beside the above mentioned. Counsel failed to have the investigator or himself to interview any of the witnesses toward the case. In fact, Counsel manipulative Petitioner to assume that investigative work was foregoing. Counsel claimed he had a big biker-looking dude as an investigator and would commet on how Petitioners daughter looked, only to influence Petitioner to assume that he spoke to a witness. In actuality Counsel interviewed no witnesses at all. Counsel did not even subpoena any witnesses for trial. Thus, Counsel did not conduct proper preperation for trial. Petitioners defense witnesses was only able to testify is because Petitioner informed them to show up to the courthouse and wait outside the courtroom. Since they testified at the preliminary hearing they was allowed to testify even though Counsel did not have them subpoenaed, or on the witness list. What Counsel did was investigate the case during trial. (Exh. No. 1 P.2)
    Counsel failed to acquire a Pathologist expert witness to view the evidence of the case to conclude in refference to the evidence the most probable position Petitioner and the victim was in at the time of the stab, the number concluded on the stab, and the probability or lack of in relations towards the States theory of a standing up plunge, and two sharp force stabs. This ineffectiveness contributed towards Petitioners conviction. (see ground 3); AA 1291, state argue two sharp injuries; AA 699-700, Pathologist

12

1. for State can't tell the position of the body when stabbed).
2.     Counsel fatally failed to explore all avenues of the case
3. that could have change the strategy plea bargaining stage
4. and or the outcome of the trial, and or penalty stage. This was
5. done when Counsel failed to canvas Petitioners' neighbor's to
6. see if they had relevant information to the case and other
7. relevant witnesses to introduce Ezekiel Devine prior
8. bad act of serval layers. (See Exhibit No. 1)
9.     Counsels' failure to interview Sandi Cash hinder
10. Petitioner to fully cross examine Devine about him
11. being of not visiting the place of residence of Petitioners
12. home, the recent threats Devine made toward the
13. home and Petitioner, and the intertwiness of
14. the prior acts in relations to the case. This failure
15. to canvas Ms. Cash prejudice Petitioner. (Exh. No. 1, P. 1)
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.

**Supporting facts:**

II.    Failure to adaquently establish Petitioners theory of defense cause Counsel to proform well below the required effective standard. Counsel failed to Produce Jury instruction's that would have showed the Jury established law that Petitioner had the right of Defense of Others and continue into the instruction of Self Defense. Counsel lack of such afforded Petitioner to be Painted as the bad guy for not Just calling the Police or verbally requesting Davis to leave. Had Counsel represented Petitioners best interest the Jury would have been aware that Petitioners. action of defending his Daughter was completely within the law.

Counsel failed to establish foundational evidential evidence of why Petitioner had a small work knief on Petitioners Person, so when Counsel attempted to explain such it was dismiss through the Court.

Counsels' failures left argument for the State and Court and Jury to view Petitioner as an weapon carrier at all times for the wrong reasons.

Without Counsel creating a foundational defense and Proffer of instructions to the Jury Counsel argument becomes weak as Jury instruction No. 41 explains attornies argument is not evidence. This ineffective Counsel negatively effected Petitioners' substantial rights.

**Supporting facts:**

III.    Counsel failure to object to witness Kyriell Davis testimony ranting establish Counsel to proform well below the effective standard requirement.

Counsel was ineffective when Counsel allowed the State to call Davis to the stand and Just rant the incident through testimony without the State being required to break the testimony

1. into procedural ask and answer questioning. (AA896-900)
2. Counsel ineffectiveness of this error allows the State
3. witness the opportunity to rant the vital part of Davis
4. testimony, eliminating room for error. After such ranting
5. the State was allowed to systemactically go back only
6. then to rerun the story through asked and answering
7. procedure. Never did Counsel object to the Question's
8. being already answered through the prior rant (AA900-946)
9.     This engrains into the Jury inflammatory testimony. Such error
10. violated Petitioners substantial rights.

Supporting Facts:
11. IV.    Counsel failed to protect Petitioners' Post arrest
12. silence. This failure effected Petitioner substantial rights.
13. Petitioner defer supporting facts on ground No. 1 (AA1236-60 id).
14.     Counsel should have objected to the States rebuttal
15. witness Matthew Gills. If the Court failed to recognize the
16. prejudicial effects of the rebuttal witness Counsel should
17. have the requested rebuttal witness first testify outside
18. the presence of the Jury to renew the objection once the
19. prejudice was shown. Petitioner basically was vacant of
20. Counsel at the moment of this ineffectiveness.

Supporting Facts:
21. V.    Counsels' failure to impeach witness Kyriell
22. Davis created ineffectiveness. Witness Davis was the sole
23. witness for the State that testified to seeing a knife and
24. alleging Petitioner was moving toward the victim with the
25. knife. No testimony exist of any person seeing Petitioner
26. chase and stab the victim. Being that the State is depending
27. on Davis testimony primarily, an attack on his credibility
28. could have changed the outcome of the verdict.

15

1. Davis committed an obvious perjury while giving
2. testimony for the State when he falsely testified that
3. witness Brittney Tuner left the sceen once the fight with
4. himself and Petitioner occurred, and Petitioner had to call her
5. back to the sceen to get the baby.② (AA 912-15)
6.    This false perjury could have easily been impeached through
7. the testimony of Tuner, (AA 1114-70) through Kinchron, (AA 1170-1233),
8. White, (AA 1081-1106), and possibly Flores, (AA 839-68). Though
9. the impeach did not strick at the stab incident, such
10. perjury would have gone to insight to the jury that Davis
11. committed perjury, and his testimony can be subject to full
12. waiver as a disregard of testimony, or in part, and can be
13. weighed when considering Davis credibility. This being the sole
14. witness for the State incriminating Petitioner could have changed
15. the outcome of the verdict. (see Jury Instruction No. 34)
16. (g)   Ground seven: Petitioners' 6th and 14th amendments was violated
17. due to accummulative errors.
    supporting facts:
18. Accummulative errors of the State, Counsel, and Court effective
19. Petitioner from receiving an impartial trial proceeding that fatally effective
20. Petitioners' substantial constitutional rights. (see grounds 1-6).
21. (h)   Ground eight: Petitioners 6th and 14th amendments was
22. violated when Appeal Counsel filed Petitioners writ of
23. Direct Appeal before consulanting with Petitioner.
    supporting facts:
24. Petitioners appeal counsel failed to
25. communicate with Petitioner before he wrote up Petitioners
26.
27.
28. ② Line 4; sixth word "Petitioner is meant to be worded Davis.

1. Direct appeal. Petitioner had no line of communication being
2. exercised by Counsel. Once Counsel finally came to visit Petitioner
3. the Direct appeal was already written. Petitioner informed Counsel
4. to hold off on filing the Writ because Petitioner wanted to research
5. the grounds drafted and add additional grounds after Petitioner
6. completed research, such as Speedy trial violations and Prosecution
7. misconduct. The next day Counsel filed the disputed Writ. Thus,
8. Counsel attempted to make it look like consulted with Petitioner
9. but did no such thing. This ineffective appeal Counsel hinder Petitioners
10. foundational grounds of Prosecution misconduct that Counsel address with
11. merits/citations, jury instruction and Procedure, ect. (see grounds 1-7).
12. This error was harmful to Petitioners' substantial rights.
13.  (I) Ground NINE: Petitioners 6th and 14th amendments was violated
14. when the Court violated the Speedy Trial Act.
15. Supporting facts: When it came time for the Court to honor Petitioners nonwaiver
16. of the Speedy Trial Act the Court errorly did a continuance on the trial against
17. mutual consent. Petitioner is without the minute records to defer clearity,
18. so Petitioner Preserve this ground.
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.

WHEREFORE, petitioner prays that the court will grant him such relief to which he is entitled in this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody.

*Thomas Cash*
(Signature of Plaintiff)

_____
(Name of person who wrote this complaint if not Plaintiff)

_____
(Date)

_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)

## DECLARATION UNDER PENALTY OF PERJURY

I understand that a false statement or answer to any question in this declaration will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

Executed at **H.D.S.P.** (Location) on **8-18-22** (Date).

*Thomas Cash*
(Signature)

**1203562**
(Inmate prison number)