UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS CASH, | Case No.: 2:22-cv-01345-RFB-DJA |
| Petitioner | **ORDER** |
| v. | |
| CALVIN JOHNSON, *et al.*, | |
| Respondents. | |

In his amended 28 U.S.C. § 2254 habeas corpus petition, Thomas Cash challenges his Eighth Judicial District Court (Clark County, Nevada ) second-degree murder conviction. (ECF No. 22.) Respondents have filed a motion to dismiss the petition, including on the basis that it is untimely. (ECF No. 27.) In response, Cash has filed a motion to strike the motion to dismiss/motion for more definite statement, arguing that the motion to dismiss does not assert the defense of statute of limitations with sufficient particularity. (ECF No. 36.) Because the Rules of Civil Procedure and the Habeas Rules require pleading the affirmative defense of statute of limitations with more specificity than respondents' current motion to dismiss, the Court grants the motion for more definite statement and denies the motion to dismiss without prejudice. Respondents may file a new motion to dismiss adequately setting forth their statute of limitations defense or abandoning that defense as well as setting forth any other arguments that the petition is subject to dismissal.

## I. BACKGROUND

A jury convicted Cash of second-degree murder in June 2018. (Exh. 44.)[1] The conviction arose from an altercation between the ex-boyfriend of Cash's stepdaughter, Cash, and a man who had accompanied the ex-boyfriend to Cash's house. (See ECF No. 22.) Cash ultimately stabbed the accompanying friend once, and the man died of the wound. The state district court adjudicated Cash a habitual criminal and sentenced him to life without the possibility of parole. (Exh. 49.) Judgment of conviction was entered on August 24, 2018. (Exh. 50.) In September 2019, the Nevada Supreme Court affirmed his conviction and remanded to correct the clerical error that the judgment of conviction referenced the incorrect habitual felon statute. (Exh. 70.) An amended judgment of conviction was entered on October 31, 2019. (Exh. 72.) The Nevada Court of Appeals affirmed the denial of his state postconviction habeas corpus petition in March 2022, and the Nevada Supreme Court denied his petition for review in August 2022. (Exhs. 125, 134.)

Also in August 2022, Cash dispatched his federal petition for mailing. (ECF No. 8.) The Court granted his motion for appointment of counsel and appointed the Federal Public Defender. (ECF No. 7.) Cash filed a counseled amended petition in February 2024. (ECF No. 22.) Respondents move to dismiss the petition, arguing that the claims in the amended petition do not relate back to the timely-filed original petition. (ECF No. 27.) In Cash's motion to strike the motion to dismiss, he argues that respondents make a blanket argument that none of the claims in the amended petition relate back. (ECF No. 36.) He asserts that respondents, therefore, fail to provide fair notice of the affirmative defense of timeliness.[2]

///

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 27, and are found at ECF Nos. 29-31, 32.

[2] Respondents opposed the motion to strike, petitioner replied. (ECF Nos. 37, 38.)

2

## II.     MOTION TO STRIKE/MOTION FOR MORE DEFINITE STATEMENT

Respondents contend in the motion to dismiss that assuming, without conceding, that the original petition was timely, Cash cannot demonstrate that the claims in the amended petition relate back to the timely-filed original petition. (ECF No. 27 at 4-6.) In his motion to strike/motion for more definite statement, Cash argues that the part of the motion to dismiss based on the statute of limitations does not state the asserted defense with sufficient particularity, and, therefore, does not give him fair notice of the scope of the motion such that he may fairly respond to it. (ECF No. 36.)

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). Thus, the claims in an amended petition filed after the limitations period has expired will be timely only if the new claims relate back to claims in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. Mayle v. Felix, 545 U.S. 644 (2005). In Mayle, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655-64. Rather, under the construction of the rule approved in Mayle, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. 545 U.S. at 659 and n.5; Ha Van

3

1  Nguyen v. Curry, 736 F.3d 1287, 1297 (9th Cir. 2013). The AEDPA statute of limitations applies
2  on a claim-by-claim basis. See Mardesich v. Cate, 668 F.3d 1164, 1170-71 (9th Cir. 2012). With
3  respect to Cash's amended petition, this means that the timeliness of each of his claims under the
4  statute of limitations turns on the question of whether each claim, independently, relates back to a
5  claim in a timely filed petition.

6  Here, respondents set out the relation back standard and then assert that the amended
7  petition in its entirety does not relate back to a timely-filed petition. (ECF No. 27 at 4-6.) They
8  make the blanket statement that the claims do not arise from a common core of operative facts and
9  argue that "this Court must dismiss all of the untimely claims that Cash fails to show relate back
10 to the original petition." (Id. at 6.) Federal Rule of Civil Procedure 8(b)(1)(A) states that "[i]n
11 responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim
12 asserted against it. . . ." Habeas Rule 5(b) states that "The answer must address the allegations in
13 the petition. It must also state whether any claim in the petition is barred by a failure to exhaust
14 state remedies, a procedural bar, non-retroactivity, or a statute of limitations." Although this rule
15 does not mention the specificity of response required in a motion to dismiss, it has been
16 longstanding practice in this district for respondents to identify in such motions the particular
17 grounds that they claimed did not relate back and to explain why. Respondents must do more to
18 properly plead their statute of limitations defense than provide a formulaic recitation of the law
19 governing the statute of limitations and argue that the entirety of the untimely-filed amended
20 petition does not relate back to the original petition. Indeed, it seems the respondents implicitly
21 acknowledge this. In their opposition to the motion to strike/motion for more definite statement
22 they, for the first time, proffer more specific relation back arguments. (ECF No. 37.) In the interests
23 of a fair judicial process as well as judicial efficiency, the Court grants the motion for more definite

statement. The motion to dismiss is denied without prejudice to the respondents' ability to reassert the arguments in a renewed motion that properly pleads all alleged bases to dismiss the petition. Then, as is the usual (and more streamlined) process, Cash has an opportunity to respond to these arguments in an opposition to the renewed motion to dismiss, and respondents then have an opportunity to reply.

### III.    MOTION TO SEAL

Respondents have also filed a motion for leave to file three exhibits *in camera* and under seal. (ECF No. 32.) While there is a presumption favoring public access to judicial filings and documents, see Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978), a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure, Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). In general, "compelling reasons" exist where the records may be used for improper purposes. Id. at 1179 (citing Nixon, 435 U.S. at 598). Here, respondents ask to file Cash's temporary custody record and arrest report, application for court appointed counsel, and his presentence investigation report ("PSI") *in camera* and under seal because they are confidential under state law and contain sensitive information. (ECF No. 32.) The Court has reviewed the exhibits and concludes that respondents have demonstrated compelling reasons to file them under seal. However, they do not appear to include information that is so sensitive that *in camera* treatment is warranted. Respondents note that the exhibits may be necessary to address one or more grounds in the petition. Thus, Cash may need access to the exhibits. Accordingly, the motion is granted in part, and the exhibits will remain under seal.

///

///

## IV.　CONCLUSION

**IT IS THEREFORE ORDERED** that petitioner's motion for more definite statement (ECF No. 36) is **GRANTED** as set forth in this order.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 27) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that respondents' motion for leave to file exhibits *in camera* and under seal (ECF No. 32) is **GRANTED in part and DENIED in part**. The exhibits will remain under seal.

**IT IS FURTHER ORDERED** that respondents have 45 days to file a renewed motion to dismiss, if any.

**DATED:** January 24, 2025

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**