**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

THOMAS CASH,

Petitioner,

v.

CALVIN JOHNSON, *et al.*,

Respondents.

Case No. 2:22-cv-01345-RFB-DJA

**ORDER**

Pending before the Court is Respondents' (ECF No. 40) Motion to Dismiss Petitioner Thomas Cash's First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C § 2254. For the following reasons, the Court grants the Motion in part and defers consideration in part.

### I.   BACKGROUND

In June 2018, in the Eighth Judicial District Court of Clark County, Nevada, a jury convicted Cash of second-degree murder and acquitted him of battery with the intent to kill. ECF No. 29-44. Cash intervened in an argument between his stepdaughter Brittney and her boyfriend Kyriell Davis when Davis was picking their daughter up from Brittney and started physically fighting with Davis. A friend of the boyfriend, Ezekial Devine, attempted to break up the fight, and Cash stabbed Devine, killing him. See ECF No. 29-36 at 160-163, 170-171. The state district court adjudicated Cash a habitual criminal and sentenced him to life in prison without the possibility of parole. ECF No. 29-49. Judgment of conviction was entered on June 23, 2017. ECF No. 29-50. The Nevada Supreme Court affirmed Cash's conviction in September 2019 and remanded to correct a clerical error. ECF No. 30-20. An amended judgment of conviction was

entered on October 31, 2019. ECF No. 30-22. The Nevada Court of Appeals affirmed the denial of his state postconviction habeas petition in March 2022. ECF No. 31-25.

Cash filed his federal habeas Petition in August of 2022. ECF Nos. 1-1, 1-2. The Court granted his motion for appointment of counsel and Cash filed his First Amended Petition ("Petition") through the Federal Public Defender on February 20, 2024. ECF No. 22. The Petition raises the following grounds:

Ground 1: Cash's trial attorney failed to call and interview favorable witnesses and failed to elicit favorable testimony in violation of Cash's Fifth, Sixth, and Fourteenth Amendment right to effective assistance of counsel.

Ground 2: Trial counsel was ineffective for failing to object to the prosecutor's improper closing argument.

Ground 3: Appellate counsel was ineffective for failing to raise the prosecutorial misconduct claim on direct appeal.

Ground 4: There was insufficient evidence to convict Cash of second-degree murder and the State failed to prove beyond a reasonable doubt that Cash did not act in self-defense in violation of Cash's due process rights.

Ground 5: Trial counsel was ineffective when he failed to challenge the sufficiency of the evidence to support a conviction for second-degree murder.

Ground 6: The cumulative effect of counsel's errors prejudiced Cash.

ECF No. 22 at 10-23.

On February 18, 2025, Respondents filed the instant Motion to Dismiss, arguing that several grounds in the Petition are untimely, unexhausted, and procedurally barred, or incognizable. ECF No. 40. On May 19, 2025, Cash filed his Opposition to the Motion to Dismiss. ECF No. 44. On May 27, 2025, Respondents filed their Reply. ECF No. 44. On July 7, 2025, Cash filed a supplemental Opposition. ECF Nos. 47-48. On July 17, 2025, Respondents filed a supplemental Reply. ECF No. 49.

The Court's Order on the pending Motion to Dismiss follows.

## II.   LEGAL STANDARDS

### A.  Timeliness

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations for the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation runs from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). A properly filed petition for state postconviction relief tolls the statute of limitations. 28 U.S.C. § 2244(d)(2).

A new claim in an amended petition that is filed after the expiration of the AEDPA limitation period is timely only if it relates back to a claim in a timely filed petition, pursuant to the relation-back provision of Rule 15(c)(2) of the Federal Rules of Civil Procedure. See Mayle v. Felix, 545 U.S. 644 (2005). A claim that arises out of the same "conduct, transaction or occurrence" as a claim in a timely filed petition relates back and is considered timely. Id. at 656-57 (citing Fed. R. Civ. P. 15(c)(2)). In Mayle, the Supreme Court held that habeas claims in an amended petition do not arise out of the same "conduct, transaction or occurrence" as claims in the original petition merely because the claims challenge the same trial, conviction or sentence. Id. at 657–64. Rather, as construed in Mayle within the context of federal habeas proceedings, Rule 15 permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." Id. at 657 (citations omitted).

To determine whether a new claim relates back, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." Id. at 659 (citing Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc., 690 F.2d 1240, 1259 n.29 (9th Cir. 1982); 6A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1497, p. 85 (2d ed. 1990)). A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. Id. at 658 n.5.

///

**B. Exhaustion**

A federal court cannot grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. See Casey v. Moore, 386 F.3d 896, 916 (9th Cir. 2004); Garrison v. McCarthey, 653 F.2d 374, 376 (9th Cir. 1981).

To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995); see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. See Bland v. California Dept. of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. See Nevius v. Sumner, 852 F.2d 463, 470 (9th Cir. 1988). On the other hand, new allegations that do not "fundamentally alter the legal claim already considered by the state courts" will not render a claim unexhausted. Vasquez v. Hiller, 474 U.S. 254, 260 (1986); see also Chacon v. Wood, 36 F.3d 1459, 1468 (9th Cir. 1994).

**C. Procedural Default**

A state prisoner who fails to comply with state law procedural requirements in presenting his claims in state court is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. See Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has

probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and resulting prejudice. Murray v. Carrier, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. Murray, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. See McCleskey v. Zant, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." White v. Lewis, 874 F.2d 599, 603 (9th Cir. 1989) (citing United States v. Frady, 456 U.S. 152, 170 (1982)).

"Generally, post-conviction counsel's ineffectiveness does not qualify as cause to excuse a procedural default." Coleman v. Thompson, 501 U.S. 722, 754–55 (1991)). However, in Martinez v. Ryan, the Supreme Court created a narrow exception to the general rule that errors of post-conviction counsel cannot provide cause for a procedural default. 566 U.S. 1 (2012). To excuse a procedural default under Martinez, a petitioner must show "(1) that his ineffective-assistance-of-trial-counsel claim is 'substantial'; (2) that he had no counsel during his state collateral review proceeding or that his counsel during that proceeding was ineffective under the standards of Strickland v. Washington, 466 U.S. 668 (1984); (3) that 'the state collateral review proceeding was the 'initial' review proceeding in respect to the 'ineffective-assistance-of-trial-counsel claim'; and (4) that state law requires ineffective-assistance-of-trial-counsel claims to be raised in initial-review collateral proceedings." Rodney v. Filson, 916 F.3d 1254, 1259 (9th Cir. 2019) (citing Trevino v. Thaler, 569 U.S. 413, 423 (2013); Martinez, 566 U.S. at 13-17). "To show that his claims are 'substantial,' a petitioner must demonstrate that they have 'some merit.'" (citing Martinez, 566 U.S. at 14). "A claim is 'insubstantial' if 'it does not have any merit or . . . is wholly without factual support." Id. (citing Martinez, 566 U.S. at 14).

However, Martinez cannot excuse the procedural default of a substantive claim of trial-court error, appellate-level ineffective assistance of counsel (IAC) claims, or "attorney errors in

other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." Martinez, 566 U.S. at 16; see Davila v. Davis, 582 U.S. 521, 529 (2017).

### III.    DISCUSSION

#### A.  Timeliness

The Parties do not dispute that to be timely, the claims in Cash's First Amended Petition must relate back to the timely original Petition. See ECF No. 40 at 5; ECF No. 43 at 2. Respondents assert that most of grounds do not relate back to a timely-filed petition. ECF No. 40 at 6. The Court addresses each ground that Respondents assert is untimely in turn.

#### 1.    Ground 1

In Ground 1, Cash contends that his trial counsel was ineffective for failing to call and interview favorable witnesses and failing to elicit favorable testimony at trial. He alleges counsel failed to (A) call Sandi Cash to testify; (B) interview and elicit exculpatory testimony from Tamisha Kinchron; (C) interview and elicit helpful testimony from Angel Turner; and (D) fully cross-examine LVMPD detective Matthew Gills. ECF No. 22 at 11–15. In his original Petition, Cash argued that trial counsel failed to interview and present the testimony of Sandi Cash. See ECF No. 1-1 at 11. The Court thus finds Ground 1(A) relates back and is timely.

In Ground 1(B), Cash contends that counsel failed to interview Tamisha Kinchron before she testified at trial. ECF No. 22 at 13–14. He argues that Kinchron would have testified that Cash told her that he believed Devine had hit him with the butt of a gun, which would have corroborated Cash's statements to police that Cash believed Devine had a weapon and that the reason Cash left the house after the stabbing was because he thought Davis was going to shoot him. Id. In his original Petition, Cash asserted that counsel failed to impeach Davis's false testimony that Brittney left the scene once the fight with Cash began, and Davis had to call her to come back out so he could get the baby. See ECF No. 1-1 at 14. He asserted that counsel could have impeached Davis's testimony through the testimony of "Turner, Kinchron, White, and possibly Flores." Id. The Court finds the claim that counsel failed to interview Kinchron and to elicit exculpatory testimony

supporting Cash's self-defense claim depends upon events separate in "both time and type" from the claim that counsel failed to use Kinchron's testimony to impeach Davis's testimony that Brittney went back into the house. Therefore, Ground 1(B) does not relate back to the original petition.

In Ground 1(C), Cash contends that counsel failed to interview Angel Turner prior to trial and failed to elicit testimony from her that would have supported his self-defense theory. See ECF No. 22 at 14. He asserts counsel failed to elicit testimony that Angel heard Davis threatening Brittney, which would support Cash's defense that he went out to the driveway to protect Brittney. See id. As in Ground 1(B), the Court finds this claim is different in time and type from the original claim that counsel failed to use Turner's testimony to impeach Davis's testimony that Brittney went back into the house. Thus, Ground 1(C) does not relate back to the original Petition.

In Ground 1(D), Cash asserts that counsel was ineffective for failing to fully cross-examine Detective Gillis. See ECF No. 22 at 15. Cash alleges Detective Gillis testified that Cash told the police that Devine did not hit him with a gun, a knife, or brass knuckles. See id. However, Detective Gillis' testimony was inconsistent with Cash's statement to the police. See id. Cash argues that based on his statement, it was clear that Cash believed he was hit with a weapon, but he was unsure about what type of weapon it was because he was not looking at Devine's and Davis's hands when he was hit. See id. Detective Gillis also testified that Cash told him that the reason Cash stabbed Devine was "because he did not want to get hit again." See id. However, Cash told Detective Gillis that he stabbed Devine because he did not want to get hit again with the weapon that he believed Devine had in his hand. See id. In his original Petition, Cash only argued that counsel should have objected to Detective Gillis as a rebuttal witness and should have asked the court to first hear his testimony outside the presence of the jury. See ECF No. 1-1 at 13. The Court finds the claim in Cash's First Amended Petition that counsel did not fully cross-examine Gillis differs in type from the original claim. Thus, Ground 1(D) does not relate back and is untimely.

The Court thus concludes that only Ground 1(A) relates back to the Cash's original timely Petition, and dismisses Grounds 1(B), 1(C), and 1(D) as untimely.

**2.      Ground 2**

In Ground 2, Cash argues that counsel failed to object to the prosecution's improper closing argument. See ECF No. 22 at 16-19. He alleges prosecutors (1) improperly expressed their opinions about Cash's guilt; (2) improperly shifted the burden of proof onto Cash; and (3) improperly vouched for their star witness, Davis. See id. The only claim of prosecutorial misconduct that Cash presented in his original Petition is the claim that the State impermissibly elicited testimony about Cash's post-arrest silence. See ECF No. 1-1. The Court finds the original Petition contains no facts in common with and differs in time and type from his claim in his First Amended Petition that counsel ineffectively failed to object to the prosecution's closing argument. Accordingly, Ground 2 does not relate back to a timely-filed petition and is dismissed as untimely.

**3.      Ground 3**

In Ground 3, Cash asserts that his appellate counsel was ineffective for failing to raise the claim that trial counsel failed to object to the prosecution's improper closing argument. See ECF No. 22 at 19–20. Because Ground 3 relies on the facts from Ground 2, which does not relate back, Ground 3 likewise does not relate back. Ground 3 is therefore dismissed as untimely.

**4.      Ground 6**

In Ground 6, Cash argues that the cumulative effect of trial counsel's errors prejudiced him. See ECF No. 22 at 22–23. In his original Petition, counsel presented a claim that the cumulative errors of counsel prevented him from receiving a fair trial. See ECF No. 1-1 at 14. The Court finds Ground 6 relates back and is timely.

**B. Exhaustion and Procedural Default**

The Court next turns to Respondents' argument that Grounds 5 and 6 should be dismissed as unexhausted, procedurally defaulted, and/or incognizable in federal habeas proceedings.

**1.  Ground 5**

In Ground 5, Cash claims that trial counsel ineffectively failed to challenge the sufficiency of the evidence. See ECF No. 22 at 22-23. Cash acknowledges that he has not presented Ground 5 to the Nevada state courts, and that it is therefore unexhausted, because the Nevada courts would be procedurally barred from considering Ground 5 on the merits if he tried to return to state court.

See ECF No. 47 at 10. Cash asserts, however, that he can overcome the procedural default of Ground 5 by showing cause and prejudice under Martinez, because the state district court did not appoint him counsel in his state postconviction proceedings, and the claim is substantial. See ECF No. 47 at 12, 16-17. Respondents dispute that Ground 5 is substantial. See ECF No. 49 at 5-6. However, especially because Cash lacked postconviction counsel, Respondents suggest the Court defer consideration of this issue until the merits of Ground 5 are fully briefed.

Because the question of procedural default is intertwined with the underlying merits of the claim, full merits briefing will assist the Court with its determination and bests serves judicial efficiency. Therefore, the Court defers a decision on whether procedural default bards federal review of Ground 5 to the merits adjudication.

### 2.    Ground 6

In Ground 6, Cash claims the cumulative effect of ineffective assistance of trial counsel violated his constitutional rights. Respondents assert Ground 6 should be dismissed as unexhausted and incognizable. See ECF No. 40 at 12-14

The Ninth Circuit has held that "the combined effect of multiple trial errors may give rise to a due process violation if it renders a trial fundamentally unfair, even where each error considered individually would not require reversal." Parle v. Runnels, 505 F.3d 922, 928 (2007) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974); Chambers v. Mississippi, 410 U.S. 289, 290 n. 3, 298, 302–03 (1973)); see also Killian v. Poole, 282 F.3d 1204, 1211 (9th Cir. 2002). Therefore, the Court declines to dismiss Ground 6 as incognizable.

Respondents also argue that Cash never presented a cumulative error claim encompassing all the legal and factual allegations raised in his federal Petition to the Nevada appellate courts. See ECF No. 49 at 6–7. A cumulative error claim may be exhausted to the extent that the underlying individual claims of error are exhausted. See, e.g., Miranda-Rivas v. Wickham, 2020 WL 5821837 *7 (D. Nev. September 30, 2020). The Court thus declines to dismiss Ground 6 as unexhausted.

In sum, the Court grants the Motion to Dismiss as to Grounds 1(B)-(D), 2 and 3, defers consideration of procedural default of Ground 5, and declines to dismiss Ground 6. Thus, the

Parties are ordered to fully brief the remaining claims: Ground 1(A), which asserts, trial counsel ineffectively failed to call Sandi Cash to testify; Ground 4, which asserts insufficient evidence was presented to convict Cash of second-degree murder; Ground 5, which asserts trial counsel was ineffective for failing to challenge the sufficiency of the evidence; and Ground 6, which asserts cumulative error by trial counsel.

**IV.     CONCLUSION**

Therefore, **IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 40) is **GRANTED in part** and **DENIED in part** as follows: Grounds 1(B), 1(C), 1(D), 2 and 3 are **DISMISSED** as untimely; a decision on whether procedural default bars federal review of Ground 5 is **DEFERRED**; and the Motion to Dismiss is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that Respondents' answer to the First Amended Petition is due within 60 days, on or before **May 29, 2026.**

**IT IS FURTHER ORDERED** that Petitioner's reply is due **45 days** after Respondents file their answer, on or before **July 13, 2026**.

**DATED:** March 30, 2026.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**